# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 14, 2023
Lyle W. Cayce
Clerk

No. 22-40828
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRIAN EDWARDS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-62-1

_____

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Brian Edwards entered a conditional guilty plea to possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), reserving the right to appeal the district court's denial of his motion to suppress the evidence. He was sentenced to an 87-month term of imprisonment, followed by a four-year term of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

supervised release.  On appeal, he argues that the police officer who arrested him did not have probable cause to do so.  Therefore, the following search that discovered methamphetamine in Edwards's pocket was not justified as incidental to the arrest.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions *de novo*, viewing the evidence in the light most favorable to the prevailing party. *United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015).  The denial of a motion to suppress should be upheld "if there is any reasonable view of the evidence to support it."  *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quotation marks and citation omitted).

As found by the district court, the officer had probable cause to arrest Edwards.  The suspicion required for probable cause "need not reach the fifty percent mark."  *Scott v. City of Mandeville*, 69 F.4th 249, 255 (5th Cir. 2023) (quotation marks and citation omitted).  Given the "totality of facts and circumstances within [the] police officer's knowledge at the moment of arrest," a reasonable person could have "conclude[d] that the suspect had committed or was committing an offense."  *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995); *see also District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018).  Additionally, the search did not exceed the parameters of a valid search incident to arrest.  *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

AFFIRMED.